IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GUSTAVO COLON, <br><br> Defendant. | Case No. 97-cr-659 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Defendant Gustavo Colon moves under the First Step Act to reduce his sentence of life imprisonment for his conviction for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). [936]. For the reasons explained below, this Court denies Colon's motion.

**I. Background**

In September 1997, the government charged Colon and thirteen others with committing various drug crimes. [3]. In 1998, a jury convicted Colon of conspiring to possess with intent to distribute and to distribute mixtures containing cocaine, cocaine base, heroin, and marijuana in violation of 21 U.S.C § 846 (Count 1); engaging in a Continuing Criminal Enterprise (CCE) in violation of 21 U.S.C. § 848(a) (Count 2); use of a Communication Facility in the Commission of a Narcotics Conspiracy in violation of 21 U.S.C. § 843(b) (Counts 3–9, 13, 16); and distribution of various amounts of cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 10–12, 14, 15, 18–21). *See* [3]; [472]; *United States v. Colon,* No. 97 CR 659, at *1 (N.D. Ill.

1

Jan. 8, 1999), *aff'd sub nom. United States v. Souffront*, 338 F.3d 809 (7th Cir. 2003); [879] at 5. Before sentencing, the judge vacated Colon's conspiracy conviction in Count I pursuant to the double jeopardy clause of the Fifth Amendment because the jury also convicted him on the CCE charge. *Colon*, 1999 WL 77226, at *11. The sentencing judge then sentenced Colon to life imprisonment on Count II (the CCE charge), and ninety-six months imprisonment on the remaining counts, to be served concurrently with Count II. [760] *see also* [803]; [879] at 6. The Seventh Circuit affirmed Colon's conviction and sentence. *Souffront*, 338 F.3d at 824. More recently, this Court denied Colon's motion for compassionate release. [935]. Colon moves now for a reduction in his life sentence under the First Step Act. [936].

## II.    Standard of Review

Congress passed the Fair Sentencing Act in 2010. *United States v. Clay*, 50 F.4th 608, 610 (7th Cir. 2022). Among other things, the Fair Sentencing Act reduced the sentences for many crack cocaine offenses by "increasing the quantity of crack cocaine required to trigger the minimum ten-year sentence from 50 grams to 280 grams." *Id.* (citing Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010); 21 U.S.C. § 841(b)(1)(A)(iii)). More specifically, the Fair Sentencing Act raised the drug quantity trigger for a 10-year minimum sentence under 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 960(b)(1) from 50 grams to 280 grams of crack, and the 5-year minimum trigger under 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 960(b)(2) from 5 grams to 28 grams. § 2, 124 Stat. at 2372. The Fair Sentencing Act also eliminated the mandatory minimum sentence for simple possession of crack under 21 U.S.C. § 844(a). § 3, 124

2

Stat. at 2372. These changes only applied, however, to defendants who had committed their offenses after August 3, 2010. *Clay*, 50 F.4th at 610.

In 2018, Congress passed the First Step Act, which made certain provisions of the Fair Sentencing Act retroactive. *Id.* (citing Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222); *see also United States v. Dawson*, No. 22-1050, 2023 WL 334008, at *1 (7th Cir. Jan. 20, 2023). In relevant part, Section 404(b) of the First Step Act allows a "court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *United States v. McSwain*, 25 F.4th 533, 537 (7th Cir. 2022). Under Section 404(b), "covered offense" means a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id.*

Courts review a motion for reduction of sentence under the First Step Act in two parts. *Id.* First, this Court determines whether the defendant is eligible for relief; second, it decides whether the defendant's sentence should be reduced. *Id.*; *see also United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020); *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020).

In this case, Colon is not eligible for First Step Act relief.

### III.  Analysis

Eligibility "is a question of statutory interpretation." *United States v. Clay*, 50 F.4th 608, 611 (7th Cir. 2022). The Supreme Court instructs that a defendant "is eligible for a sentence reduction under the First Step Act only if he previously

3

received 'a sentence for a covered offense.'" *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021) (quoting § 404(b), 132 Stat. 5222). To answer this question, the Court "asks whether the Fair Sentencing Act modified the statutory penalties for [Colon]'s offense." *Id.*

The sentence for which Colon seeks reduction is the life sentence the Court imposed for his CCE conviction under Section 848(a) which provides, in relevant part, that any "person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment." 21 U.S.C § 848(a). The statutory penalty range for this offense—a violation of Section 848(a)—"remained the same before and after" the First Step Act: "20 years to life imprisonment, a fine, and a term of supervised release." *United States v. Thomas*, 32 F.4th 420, 427 (4th Cir. 2022); *see* 21 U.S.C. § 848(a); *see also, e.g.*, *United States v. Smith*, No. 04-80857, 2020 WL 3790370, at *7 (E.D. Mich. July 7, 2020) (concluding that the defendant was ineligible for First Step Act relief because he "was only charged and convicted under § 848(a), an "entirely self-contained subsection of the statute, the statutory penalty for which was not modified by the Fair Sentencing Act in any way"). Colon's sentence for the CCE conviction is thus not a sentence for a "covered offense," making him ineligible for First Step Act relief.

Colon argues that the CCE conviction constitutes a "covered offense" because a CCE conviction under Section 848(a) requires proof of a predicate narcotics offense. [936] at 9. Because Congress modified the penalties for some of those narcotics

4

offenses, so the argument goes, it necessarily also modified the penalties for a CCE offense. *Id.* To be sure, a CCE conviction requires that jurors unanimously agree not only that a defendant committed some "continuing series of violations" but also on "each individual violation" making up the continuing series. *United States v. Turner*, 836 F.3d 849, 862 (7th Cir. 2016) (quoting *Richardson v. United States*, 526 U.S. 813, 818 (1999)). Thus, to convict Colon, the jury must have also found that Colon violated Section 841(a)(1) and/or 843(b). *See United States v. Gibbs*, 61 F.3d 536, 537 (7th Cir. 1995) (instructing that a CCE conviction requires, among other things, "a violation of the federal narcotics laws," which "crime is a part of a series of violations of the federal narcotics laws"). But the Supreme Court's decision in *Terry* forecloses Colon's argument that this Court should consider his convictions for those predicate narcotics crimes in determining First Step Act eligibility. *Terry* instructs courts to look to the "statutory penalties" for the relevant "*offense*, not the statute or statutory scheme." 141 S. Ct. at 1863. Thus, although a CCE conviction depends on the consideration of a broader statutory scheme encompassing predicate narcotics violations, the relevant offense here is only the CCE conviction under Section 848(a)—a standalone offense that carries with it independent penalties apart from the predicate narcotics offenses. *Compare* 21 U.S.C. § 848(a) *with* 21 U.S.C. § 841(a), (b) *and* 21 U.S.C. § 843(d).

The Fourth Circuit's recent opinion in *Thomas* is persuasive on this point. In *Thomas*, the court of appeals considered, as a case of first impression, whether the defendant's CCE conviction under Sections 848(a) and (c)[1] qualifies as a "covered

---

[1] That subsection defines a continuing criminal enterprise.

offense" under the First Step Act. *Id.* at 423. The defendant argued, as Colon does here, that because his CCE conviction was predicated on underlying offenses for distributing crack cocaine in violation of Section 847(a)(1) and 846, his CCE offense constitutes a "covered offense" because the Fair Sentencing Act modified the statutory penalties for those predicate offenses. *Id.* at 427. The Fourth Circuit disagreed, reasoning that *Terry* clarified that the proper focus on a First Step Act is the specific *offense* for which Plaintiff seeks a sentence reduction. *Id.* Because the Fair Sentencing Act did not modify the penalties for CCE violations under Sections 848(a) and (c), the court explained, those offenses do not qualify as "covered offenses" under the statute even if they depend on predicate violations of statutory sections that might qualify as "covered offenses." *Id.* at 427 ("Though the [Fair Sentencing] Act did modify the penalties for Thomas's predicate violations under §§ 841(a)(1) and 846, Thomas's statutory penalty range for violating §§ 848(a) and (c) remained the same before and after the FSA"); *see also, e.g.*, *United States v. Roane*, 51 F.4th 541, 550 (4th Cir. 2022) (rejecting the defendants' argument to focus on a drug distribution predicate in considering a First Step Act motion to reduce sentence imposed under Section 848(e)(1) because doing so would "completely ignore *Terry*'s instruction that we look at the actual offense for which they were convicted, not some secondary and subsidiary part"); *Smith*, 2020 WL 3790370, at *12 (reasoning, in denying First Step Act eligibility for a Section 848(a) sentence, that Section 848(a) is a "standalone statute," and his conviction under that statute "cannot be equated with a violation of § 841(a)(1), § 846, or § 843(b)").

The cases upon which Plaintiff relies, all pre-dating *Terry*, run headlong into the Supreme Court's admonition to consider the specific *offense*, not the statute or statutory scheme. *See United States v. Burrell*, No. 97 CR 998-1 (RJD), 2020 WL 5014783, at *7 (E.D.N.Y. Aug. 25, 2020) (reasoning that the predicate narcotics crimes underlying the defendant's CCE conviction under Section 848(a) "together denote a covered offense"); *United States, v. Dean*, No. CR 97-276 (3) (MJD), 2020 WL 2526476, at *3 (D. Minn. May 18, 2020) (considering the underlying predicate conviction in finding a Section 848(a) conviction eligible for resentencing); *Hall v. United States*, 2:93-cr-162(1), slip op. at 10 (reasoning that the predicate offenses made the defendant's CCE conviction of covered offense). Under *Terry*, this Court considers only whether Fair Sentencing Act modified the relevant *offense* for which Colon was convicted and now seeks sentence reduction. As discussed, it did not.

Colon argues that the district court's reduction of a CCE life sentence in *United States v. Moore*, No. 95 CR 509-2, 2020 WL 4748154, at *3 (N.D. Ill. Aug. 17, 2020) compels a similar conclusion in this case. Not so. In *Moore*, the court found the defendant eligible under the First Step Act where the sentencing judge sentenced him under Section 848(b). *Id.* at *1, 3. That particular subsection of the CCE statute imposes a mandatory life sentence when the CCE "involve[s] at least 300 times the quantity of a substance described in [§] 841(b)(1)(B)." 21 U.S.C. § 848(b)(2)(A). Section 2 of the Fair Sentencing Act indisputably modified Subsection 841(b)(1)(B), increasing the mandatory minimum sentence from five to twenty-eight grams of crack. *Terry*, 141 S. Ct. at 1863. Thus, the court in *Moore* found that the defendant,

7

who was previously sentenced under Section 848(b), was eligible for resentencing under the First Step Act. 2020 WL 4748154, at *3.

Here, in contrast, Colon was charged, convicted, and sentenced under Section 848(a), not Section 848(b). The Fair Sentencing Act did not modify the statutory penalties for Section 848(a) as it did for Section 848(b), which imposes a mandatory life sentence based on drug quantity. Thus, Section 848(a) does not qualify as a "covered offense" under the First Step Act. *See Thomas*, 32 F.4th at 429 (noting that a defendant sentenced under Section 848(b) would be eligible for resentencing, but that defendants sentenced under Sections 848(a) and (c) would not because the Fair Sentencing Act did not modify the penalties for these subsections); *see also, e.g.*, *United States v. Lee*, No. 3:09-CR-155, 2022 WL 1909919, at *6 (D.N.D. June 3, 2022) ("If Lee had been given the mandatory minimum life sentence proscribed by Section 848(b), he would have a strong argument that he was sentenced for committing a covered offense"); *United States v. Sumler*, No. CR 95-154-2 (BAH), 2021 WL 6134594, at *11 (D.D.C. Dec. 28, 2021) (agreeing with the parties that Section 848(b) sentence is a covered offense because that subsection "expressly references 21 U.S.C. § 841(b)(1)(B)" which "depends on drug quantity thresholds modified by the Fair Sentencing Act").

In sum, the Fair Sentencing Act did not modify the statutory penalties for a CCE conviction under Section 848(a). Therefore, Section 848(a) is not a "covered offense" for which Colon is eligible for a sentence reduction under the First Step Act.

### IV. Conclusion

For the reasons explained above, this Court denies Colon's motion for First Step Act relief [936] because he is not eligible for a sentence reduction.

Dated: February 17, 2023

Entered:

*Mary M Rowland*

Mary M. Rowland
United States District Judge